765 F.2d 144
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
LOREN CRYSLER, PLAINTIFF-APPELLANT,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, DEFENDANT-APPELLEE.
 NO. 84-1454
 United States Court of Appeals, Sixth Circuit.
 5/16/85
 
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN
 Before: MARTIN and KRUPANSKY, Circuit Judges; and HOLSCHUH, District Judge.*
 PER CURIAM.
 
 
 1
 Loren Crysler appeals the summary judgment of the district court which affirmed the Secretary's denial of Crysler's application for social security disability benefits. Crysler is presently sixty years old and has an eighth-grade education and additional vocational training. His past work experience was as a dairy worker and as a service manager at a machinery shop, both of which he can no longer perform.
 
 
 2
 An administrative law judge, after a hearing, determined that in light of all the medical evidence and claimant's testimony, Crysler could perform sedentary work. The administrative law judge, after considering Crysler's age, education, and work experience, then applied Rule 201.03 of the 'grids,' 20 C.F.R. pt. 404, subpt. P, app. 2 and concluded that Crysler was not disabled. See generally Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 528 (6th Cir. 1981), cert. denied, 103 S. Ct. 2928 (1983) (explaining use of grids and upholding their validity).
 
 
 3
 Crysler does not seriously challenge the administrative law judge's application of the grids or claim that the administrative law judge misapplied the vocational criteria of the grids to him.[1] Crysler instead challenges the administrative law judge's conclusion that a significant number of jobs existed in the claimant's geographic area that the claimant could perform. Crysler maintains that the vocational expert's testimony does not support this conclusion and that the administrative law judge relied on his own personal knowledge in concluding that there was a significant number of jobs.
 
 
 4
 The flaw in Crysler's argument is that testimony of a vocational expert as to the availabilty of jobs that a claimant can perform is not necessary if the grids are applicable. The grids already take into account the availability of types of jobs in concluding whether a person with certain vocational criteria is disabled. 20 C.F.R. pt. 404, subpt. P, app. 2, Sec. 200(b). See also Kirk, 667 F.2d at 530. Only if the claimant does not fall within the criteria of the grids does a vocational expert's testimony on the availability of jobs become necessary. Kirk, 667 F.2d at 531. Thus, if Crysler meets the criteria of the grids, which he essentially concedes, no determination as to the availability of jobs had to be made by the administrative law judge. Thus, Crysler cannot base his alleged error on a finding that did not have to be made.
 
 
 5
 Judgment affirmed.
 
 
 
 *
 Honorable John D. Holschuh, United States District Judge for the Southern District of Ohio, sitting by designation
 
 
 [1]
 Crysler concedes that he can perform sedentary work and does not dispute the administrative law judge's conclusion as to his age and education. Crysler does obliquely argue that there is not substantial evidence to support the administrative law judge's conclusion that he has transferable skills from his prior work. We believe there is easily substantial evidence to support the administrative law judge's conclusion on this ground